IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:03-00178-001

CARL DEAN HUBBARD

### MEMORANDUM OPINION AND ORDER

In Bluefield, on April 13, 2010, came the defendant, Carl Dean Hubbard, in person and by counsel, David R. Bungard, Assistant Federal Public Defender; came the United States by Larry R. Ellis, Assistant United States Attorney; and came United States Probation Officer Brett S. Taylor, for a hearing on the petition to modify the conditions of defendant's supervised release.

The court advised the defendant that, pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before the terms of his supervised release could be modified, given that the modifications sought are not favorable to the defendant. At this hearing, defendant is to be given an opportunity to make a statement and present any information in mitigation.

At the hearing, counsel for the government argued that the proposed modifications were necessary and appropriate while defendant opposed the requested modifications and argued that

they were premature. The court also heard from United States Probation Officer Brett Taylor who testified during the hearing.

Pursuant to U.S.S.G. §5D1.3(b), a "court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above. . . ."

The court found that the proposed additional conditions of supervision, as modified at the hearing, are reasonably related to defendant's offense of conviction, including all relevant conduct, as well as to the history and characteristics of defendant. Furthermore, the court believes that these conditions are necessary to protect the public from further crimes of the defendant at this time. Finally, the court believes that these conditions are the least restrictive means of accomplishing this objective and do not involve a greater deprivation of liberty than is reasonably necessary. For this

reason, the court ORDERS defendant's term of supervised release MODIFIED to include the following additional conditions:

1. The defendant shall have no contact with any minor children. Contact with minors shall not be permitted even with supervision unless otherwise approved by the Court or probation officer. The term "contact" extends to forms of communication such as mail, telephone, and other forms of electronic communication. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must deal in order to obtain ordinary and usual commercial services so long as such contacts are limited to obtaining such commercial services.

2. The defendant shall not reside with anyone who presents a significant risk factor, sexual or otherwise, i.e., anyone who uses or possesses pornography, child erotica, or otherwise minimizes the defendant's sexual deviant problems or diminishes the importance of the conditions of his supervision shall not be allowed to reside with him.

3. The defendant shall provide a list of all potential visitors to his home and each visitor's risk to the defendant shall be carefully assessed. The defendant shall not associate with anyone under any circumstances (except while in a treatment program) who is known to be a sex offender or someone who condones or supports sexual abuse and exploitation of others.

4. The defendant shall not view or possess any sexually explicit or suggestive material, including books, videos, magazine cutouts, etc., especially if the content reveals child sexuality or adult/child sexual contact.

5. The defendant shall not possess pornography of any kind.

6. The defendant shall never possess anything that may be viewed as a lure for children or adolescents, such as children's bicycles, toys, sport cars, etc.

7. The defendant shall not view or possess any material that promotes or normalizes criminal sexual behavior, or participates in any organizations which do the same (example: NAMBLA). The defendant shall obtain approval from the probation officer prior to obtaining a post office box. Correspondence shall be routinely searched by the probation officer for any inappropriateness or sexual risk factors. The offender shall never have any minor child to perform household chores (example: mow the lawn, clean the attic). The defendant may be frequently searched by the probation officer for the presence of sexual and nonsexual risk factors such as pornography, child erotica, or any evidence of potential victim access. The defendant shall not be allowed to own or operate a computer at home. The defendant shall have absolutely no access to the internet, regardless of the location of the computer (public library, friends' computer, etc.). The defendant's occupation of choice shall be consistent with overall release recommendations pertaining to contact with minors and risk factors. He shall not be placed in a situation at work in which he could potentially have contact with or supervise minors.

8. The defendant shall participate in a community-based sex offender aftercare program that adheres to Association for Treatment of Sexual Abuse ethical standards and principles for the management of sexual abusers as recommended by the probation officer with the approval of the court. The treatment shall include group therapy and focus on adherence to relapse prevention.

9. The defendant shall sign all necessary releases of information so that treatment providers, probation officers, polygraph examiners and others (as necessary) are allowed to communicate openly about him and his relapse prevention plan.

10. The defendant shall refrain from accepting or seeking civic, religious or other voluntary positions where he will be in a position of authority or influence over others, particularly children and their families, without seeking the permission of the probation officer.

11. The defendant shall be prohibited from frequenting, patronizing or being seen in or around places where sexually explicit materials, pornography services, or other stimuli are available (example: nude dancing clubs, pornography shops, etc.), including such places where pornography is readily available.

12. The defendant shall be prohibited from loitering where children congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc. without the permission of the probation office.

13. The defendant shall seek permission to attend events where there may be unsupervised children (example: sporting events) and it is imperative that he be accompanied by a chaperone as approved by the probation officer.

14. The defendant shall provide a detailed itinerary of any travel plans (business or pleasure) to the probation officer prior to any travel.  Such plans are to be carefully screened for potential risk factors.  Should the probation officer determine any potential risk factors exist, the defendant's travel plans shall be cancelled or modified.

After informing defendant of his right to appeal, the hearing was concluded.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 15th day of April, 2010.

ENTER:

David A. Faber
Senior United States District Judge